IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BOBBY L. PATTON, JR., #39124                              PETITIONER

VS.                                        CIVIL ACTION NO. 2:19-cv-36-KS-FKB

WARDEN JOSHUA CSASZAR                               RESPONDENT

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition [1] for habeas corpus relief filed by Bobby L. Patton, Jr., Motion to Dismiss [6] filed by Warden Joshua Csaszar pursuant to 28 U.S.C. §2244(d), Response [8] by Patton, Rebuttal [9] filed by Respondent, Sur-rebuttal [10] filed by Patton , and the Court now considers the Report and Recommendation [11] entered by Magistrate Judge Keith Ball, and the Court considering the above together with the record herein finds that the Report and Recommendation should be adopted and that the Motion to Dismiss should be granted for the following reasons.

I.   FACTS AND PROCEDURAL HISTORY

In January 1997, Patton was indicted for murder as a habitual offender under Mississippi Code Annotated § 99-19-83. [6-1]; *see also* Miss. Code Ann. §§ 97-3-19(1) and 97-3-21. On June 25, 1997, a jury in the Circuit Court of Wayne County, Mississippi, found Patton guilty of murder. [6-2]. On July 10, 1997, the Circuit Court sentenced him to life without parole as a habitual offender in the custody of the Mississippi Department of Corrections. [6-3].

With the aid of counsel, Patton filed a direct appeal. The Mississippi Court of Appeals affirmed his conviction and sentence on May 4, 1999. *See* [6-4]; *Patton v. State*, 742 So. 2d 150 (Miss. Ct. App. 1999). Patton did not seek rehearing, nor did he file a petition for a writ of *certiorari* review in the Mississippi Supreme Court. *Patton*, 742 So. 2d at 150. The State asserts that Patton's conviction and sentence became final on May 18, 1999, the date on which his time for seeking direct review expired. *See* Miss. R. App. P. 27(b) and 40(1); *see also Roberts v Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, the State argues that, without the benefit of tolling pursuant to 28 U.S.C. § 2244(d)(2), Patton's federal petition for habeas relief was due one year later on May 18, 2000.

Patton signed his "Application for Leave to Proceed in the Trial Court on Post-Conviction Collateral Relief" and his "Motion for Post-Conviction Collateral Relief" on February 3, 2016, and these items were filed in the Mississippi Supreme Court on February 5, 2016. [7-5] at 79-101. The Mississippi Supreme Court ordered the State to respond. *See* [7-5] at 78. After considering the State's response, the Mississippi Supreme Court found on June 29, 2016, that Patton's Application for Leave was "procedurally barred by time and it [did] not meet any of the exceptions," citing Mississippi Code Annotated § 99-39-5(2). [7-5] at 64. The Supreme Court also concluded that "[n]otwithstanding the procedural bar, Patton's claims are without merit." *Id.* Thereafter, Patton filed two motions that the Mississippi Supreme Court construed as motions for reconsideration, which the court separately denied in July 2016 and June 2017. *See id.* at 2, 23.

Patton signed his petition [1] for habeas corpus relief on March 6, 2019, [1] at 15, and it was filed in this Court on March 13, 2019.[1] *Id.* at 1. The State responded with its Motion to Dismiss [6] and the State Court Record [7], arguing that the Petition is untimely. Patton filed a Response or "Traverse" [8], the State filed a Rebuttal [9], and Patton filed a Sur-rebuttal [10], without leave of Court. For reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

---

[1] AFor pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a >mailbox rule= applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O=Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997).@ *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

The Magistrate Judge recommends dismissal because Petitioner waited almost sixteen (16) years to file for post-conviction collateral relief. The case law and the statute (28 U.S.C. §2244(d)) are clear that there is a one (1) year limitation for filing a *writ of habeas corpus*. This has obviously run, and unless the narrow exceptions of §2244(d)(1)(B)-(D) apply, Movant's Petition is finally barred.

In his Objection [14] Movant claims that the limitation has been tolled because he has been "pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." (14-1) Movant points to no new evidence and makes a conclusory statement about actual innocence and other constitutional claims including ineffective assistance of counsel but fails to back these claims up with anything in the record. He claims to have met the McQuiggin standard (569 U.S. at 392) but his claim is not backed up with facts that would bring his case within the McQuiggin exception. It is hard for the Court to comprehend how Movant could claim that he has consistently pursued his case when his motion is not filed until sixteen (16) years after the statute has run. This Court finds that the Movant has not established any of the exceptions or reasons for tolling the Statute of Limitations and his Petition is not timely, and the Court finds that his Objections have no merit.

## IV. CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Patton's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate

4

statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Keith Ball's Report and Recommendation is accepted  pursuant to 28 U.S.C. §636(b)(1) and that Bobby Patton Jr.'s claim is DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT.

SO ORDERED this the __25th____ day of  March, 2020.


\_\_\_s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE